# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ELIAS IVAN PEREZ ROJAS, | Case No. 5:26-cv-01509-JWH-SK |
| Petitioner, | |
| v. | **ORDER GRANTING PETITIONER'S *EX PARTE* MOTION FOR PRELIMINARY INJUNCTION [ECF No. 2]** |
| FERETI SEMAIA, Adelanto ICE Processing Center; ERNESTO SANTACRUZ, Acting Field Office Director of the Los Angeles Immigrations and Customs Enforcement; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement, U.S. Department of Homeland Security; and MARKWAYNE MULLIN, in his Official Capacity, Secretary, U.S. Department of Homeland Security, | |
| Respondents. | |

Before the Court is the *ex parte* Motion of Petitioner Julio Elias Ivan Perez Rojas for a Temporary Restraining Order (a "TRO") to enjoin Respondents Fereti Semai, Ernesto Santacruz, Todd M. Lyons, and Markwayne Mullin from continuing to detain him, allegedly in violation of his Due Process rights.[1]  The Court concludes that this matter is appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the papers filed in support and in response,[2] the Court **GRANTS** Perez Rojas's Motion, for the reasons set forth below.

## I.  BACKGROUND

### A.    Factual Allegations

Perez Rojas, a 22-year-old Peruvian national, entered the United States in November 2023.[3]  At some point after entering the U.S., Perez Rojas was detained by immigration authorities and was placed into removal proceedings.[4]  Perez Rojas was subsequently released from immigration custody on his own recognizance, and he was not subject to any bond conditions.[5]  In May 2024 Perez Rojas filed an application for asylum, withholding of removal, and protection under the Convention Against Torture, which application remains pending.[6]  A year later, in May 2025, the United States Citizenship and

---

[1]    Pl.-Pet.'s *Ex Parte* Appl. for TRO (the "Motion") [ECF No. 2]

[2]    The Court considered the documents of record in this action, including the following papers:  (1) Motion; (2) Resps.-Defs.' Response to the Motion (the "Response") [ECF No. 9]; (3) Pl.-Pet.'s Reply in Supp. of the Motion (the "Reply") [ECF No. 11]; and (4) Pl.-Pet.'s Pet. (the "Petition") [ECF No. 1].

[3]    Petition ¶¶ 14, 19, & 20.

[4]    *Id.* at ¶ 21.

[5]    *Id.* at ¶¶ 7, 14, & 21; *see also* Mem. of P. & A. in Supp. of the Motion [ECF No. 2-1] 7:13-15; Reply 1:14-18.

[6]    Petition ¶¶ 22-25.

Immigration Service granted Perez Rojas's I-360 petition for Special Immigrant Juvenile Status and concurrently granted him deferred action for a period of four years.  That status permits Perez Rojas to work legally and provides him with protection from deportation, and it has not been revoked.[7]

On March 26, 2026, while he was released on his own recognizance, Perez Rojas was arrested by the Burbank Police Department,[8] but he was never charged with any crime.[9]  The next day, Immigration Customs Enforcement ("ICE") arrived at the location where the Burbank Police Department was holding Perez Rojas and took Perez Rojas into custody.[10]  Respondents did not provide Perez Rojas with any pre-detention or prompt post-detention process.[11] Perez Rojas is currently detained at the ICE detention facility in Adelanto, California.[12]

**B.    Procedural History**

On March 27, 2026, Perez Rojas filed both the instant Petition and the instant Motion for a TRO.  In his Motion, Perez Rojas seeks the following relief:

- ordering Perez Rojas's immediate release from ICE custody pending his scheduled merits hearing; or

---

[7]    *Id.* at ¶ 26.

[8]    *Id.* at ¶ 27.

[9]    Decl. of Caitlyn DeWitt in Supp. of the Motion (the "DeWitt Declaration") [ECF No. 11-1] ¶¶ 11 & 12.

[10]    Petition ¶ 28.

[11]    *Id.* at ¶¶ 2 & 39; *see also* Reply 1:26-2:5; DeWitt Declaration ¶¶ 4-8.  The Court notes that in their Response, Respondents present no facts regarding whether Perez Rojas's re-arrest complied with procedural Due Process requirements.

[12]    Petition ¶ 6.

-3-

- enjoining Respondents from transferring Perez Rojas outside the State of California until he is afforded his scheduled individual merits hearing before the Concord Immigration Court; or
- ordering Respondents to house Perez Rojas within California (and preferably within the Eastern District of California) at a facility closer to Sacramento, California, and ordering Respondents not to interfere with Perez Rojas's constitutional right to due process and the effective assistance of counsel.[13]

## II.  LEGAL STANDARD

The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction.  *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  "A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."  *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (citations omitted).  An injunction is binding only on parties to the action, their officers, agents, servants, employees, and attorneys and those "in active concert or participation" with them.  Fed. R. Civ. P. 65(d)(2).

A party seeking a TRO or a preliminary injunction must establish four elements:  "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction."  *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir.), *as amended* (Mar. 11, 2014) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).  When the nonmoving party is a governmental entity, the last two *Winter* factors "merge."  *Nken v. Holder*, 556 U.S. 418, 435 (2009).

---

[13]     Motion 2.

"The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. Pro. 65(a)(1).

### III. ANALYSIS

Here, all parties are on notice and Respondents have been given the opportunity to respond in writing to Perez Rojas's Motion. Accordingly, the Court treats Perez Rojas's Motion as a request for a preliminary injunction and **GRANTS** it for the reasons set forth below.

Perez Rojas argues that Respondents violated his procedural Due Process rights by re-detaining him without providing any pre-detention or prompt post-detention process. The Court concludes that Perez Rojas satisfies the *Winter* factors with respect to his Due Process argument and, therefore, that the issuance of a preliminary injunction is appropriate.[14]

### A.    Likelihood of Success on the Merits

Due process rights extend to noncitizens present in the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 693-94 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." (citation modified)). Perez Rojas fits that description.

Thus, the outstanding question is "what process is due." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). "The constitution typically requires some kind of a hearing before the State deprives a person of liberty or property, particularly because the loss of liberty cannot be fully compensated after the fact." *Salcedo Aceros v. Kaiser*, 2025 WL 2637503, at *5 (N.D. Cal. Sept. 12, 2025) (citation and quotation omitted). When determining what procedures are required by Due Process, a court applies the three-part *Mathews* test, which involves an analysis of the following: (1) "the private interest" at stake; (2) "the

---

[14]    *See generally id.*

risk of an erroneous deprivation" without additional procedures and "the probable value . . . of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens imposed by the additional procedures." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

### 1. Private Interest at Stake

When determining the private interest at stake, the court looks to the degree of potential deprivation. *See Nozzi v. Hous. Auth. of City of Los Angeles*, 806 F.3d 1178, 1193 (9th Cir. 2015). Here, the degree of potential deprivation is high because Perez Rojas has been completely deprived of physical liberty. Because the degree of potential deprivation is high, this factor favors Perez Rojas.

### 2. Risk of Erroneous Deprivation

"[T]he risk of an erroneous deprivation [of liberty] is high" when the petitioner "has not received any bond or custody redetermination hearing." *A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). "Due Process protects against immigration detention that is not reasonably related to the legitimate purpose of effectuating removal or protecting against danger and flight risk." *Padilla v. ICE*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) (citing *Zadvydas*, 533 U.S. at 690–94)). Here, Respondents took Perez Rojas into immigration custody without notice or warning.[15] Compounding that lack of process, Respondents have continued to deny Perez Rojas a meaningful post-detention opportunity to contest his detention before a neutral decisionmaker. Without an initial justification for re-detention or a bond hearing

---

[15] In their Response, Respondents make no argument that Perez Rojas's arrest was sufficient notice or justification for re-detention. Accordingly, the Court considers such arguments to be waived. Additionally, the Court notes that no charges were brought in connection with that arrest.

on the merits, the risk of erroneous deprivation is high.  Therefore, this factor favors Perez Rojas.

### 3. The Government's Interest

To determine the Government's interest, the Court must look at the function involved and the fiscal and administrative burdens imposed by the additional procedures.  Here, the Court finds that the Government's interest in detaining Perez Rojas without providing him with notice and a hearing is minimal because the effort and cost required to provide Perez Rojas with those procedural safeguards is minimal.  *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025).  Because the Government's burden is low, this factor favors Perez Rojas.

The Court, having thus found that all of the *Mathews* factors favor Perez Rojas, concludes that procedural Due Process requires a pre-deprivation notice of the reasons for re-detention and a prompt hearing before a neutral arbiter.

The Court also notes that petitioners such as Perez Rojas, who are detained within the United States, are detained pursuant to 8 U.S.C. § 1226, and, thus, they have a statutory right to a bond hearing at the outset of their detention.  *See, e.g.*, *Pelaez Calderon v. Noem*, Case No. 5:25-cv-02633-JWH-AS (C.D. Cal. Oct. 24, 2025); *Arreola Armenta v. Noem*, Case No. 5:25-cv-02416-JFW-SP (C.D. Cal. Sept. 16, 2025); *Mosqueda v. Noem*, 2025 WL 2591530 (C.D. Cal. Sept. 8, 2025); *Benitez v. Noem*, Case No. 5:25-cv-02190-RGK-AS (C.D. Cal. Aug. 26, 2025); *Arrazola-Gonzalez v. Noem*, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); *Ceja Gonzalez v. Noem*, Case No. 5:25-cv-2054-ODW-BFM (C.D. Cal. Aug. 13, 2025); and *Maldonado Bautista v. Santacruz*, Case No. 5:25-cv-01873-SSS-BFM (C.D. Cal. July 28, 2025).  Therefore, because Perez Rojas's instant detention is governed by 8 U.S.C. § 1226, he was entitled to—but did not receive—an individualized bond hearing at the outset of his re-detention.  That deprivation of an individualized

bond hearing is an independent violation of Perez Rojas's statutory rights. Furthermore, in the event that Respondents elect to re-detain Perez Rojas with the required pre-deprivation due process, the bond hearing requirement set forth in 8 U.S.C. § 1226(a) applies, and Respondents must provide Perez Rojas with a bond hearing at the outset of that detention.

Accordingly, because Respondents denied Perez Rojas constitutionally and statutorily required pre- and post-deprivation due process, the Court concludes that Perez Rojas is likely to succeed on the merits of his procedural Due Process claims.

**B.     Irreparable Harm**

Perez Rojas has been detained without the procedures or notice required by the Due Process Clause of the Constitution and the bond hearing required by 8 U.S.C. § 1226(a).  Thus, he has been deprived of process in a manner that likely violates his constitutional rights.  "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'"  *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  The Court finds that Perez Rojas would be immediately and irreparably harmed by the continued deprivation of his liberty without constitutionally mandated due process.  *See Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017) (finding that irreparable harm was likely to result from the Government's policy of not considering financial ability to pay immigration bonds); *see also Rodriguez v. Robbins*, 715 F.3d 1127, 1144-45 (9th Cir. 2013) (finding that irreparable harm was likely to result from the Government's reading of immigration detention statutes as not requiring a bond hearing for noncitizens subject to prolonged detention).

**C.     Balance of Equities and Public Interest**

Because Perez Rojas challenges actions and a policy that are likely in violation of his constitutional rights, both the equities and the public interest

favor the issuance of a temporary restraining order.  *See Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022) ("[N]either equity nor the public's interest are furthered by allowing violations of federal law to continue.").  Furthermore, "[g]enerally, public interest concerns are implicated when a constitutional right has been violated, because all citizens have a stake in upholding the Constitution." *Zhang v. Barr*, 612 F. Supp. 3d 1005, 1017 (C.D. Cal. 2020).  Accordingly, the Court concludes that both factors weigh in favor of Perez Rojas.

Thus, because the *Winter* factors all weigh in Perez Rojas's favor, the Court **GRANTS** Perez Rojas's Motion.

## IV.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.      Perez Rojas's instant Motion [ECF No. 2] is **GRANTED**.

2.      Respondents are **PRELIMINARILY ENJOINED** from continuing to detain Perez Rojas.  Respondents are **DIRECTED** to release Perez Rojas **FORTHWITH** under the terms and conditions of his existing release, as if Perez Rojas had not been detained.  This Order does not provide Perez Rojas with blanket immunity from future detention—that relief is likely beyond the Court's jurisdiction—but any future enforcement actions after release must comply with Due Process requirements.

3.      Pursuant to General Order No. 05-07, further proceedings on the merits of Perez Rojas's Petition are **REFERRED** to the Magistrate Judge assigned to this case.

**IT IS SO ORDERED.**

Dated:___April 8, 2026___

_____
John W. Holcomb
UNITED STATES DISTRICT JUDGE

-9-